# Hartman et al., Appellants, *v.* Pittsburgh Incline Plane Company.

*Railroads—Incline planes—Consequential damages—Eminent domain—Streets—Evidence—Obstruction to access.*

Where an incline plane is built across a street, and is supported upon piers built upon lots on opposite sides of the street, owned by the company in fee, and the structure does not rest upon or overhang any other person's land either within or outside the lines of the street, evidence that access to the property of a neighboring landowner is obstructed, is inadmissible in an action by the landowner for damages.

*Damages—Evidence—Jury—Incline planes.*

Juries are allowed to act upon probable and inferential, as well as direct and positive proof. And when, from the nature of the case, the amount of the damages cannot be ascertained with certainty, there can be no objection to placing before the jury all the facts and circumstances of the case having a tendency to show damages and their probable amount, so as to enable them to make the most intelligible and probable estimate that the nature of the case will permit.

In an action against an incline plane company there was evidence that defendant company constructed its incline against the side of plaintiff's dwelling house, and that part of the abutment supporting the incline was so constructed that water was discharged against the brick wall of the house, and so saturated it that the plaster and paper on the inside were injured, and partially destroyed, and the room became mouldy, and untenantable. The witnesses did not state, in dollars and cents, the amount of damages resulting, but they fully described the nature, character and extent of the injury. *Held*, that the case was for the jury.

The ordinary intelligence and experience of jurors is sufficient to enable them to say with reasonable accuracy how much it would cost to repair damages such as were described by the witnesses in this case. But, if it were otherwise, the plaintiffs were entitled under the evidence to at least nominal damages, unless their witnesses were disbelieved.

*Nonsuit—Evidence—Practice.*

Refusal to take off a judgment of nonsuit is tantamount to a judgment for defendant on demurrer to plaintiff's evidence, except that, in case of reversal, the record must be remitted with a procedendo, instead of giving judgment for plaintiff in the Supreme Court. Hence it follows that, in considering the testimony in such cases, plaintiff is entitled to the benefit of every fact and inference of fact that might have been fairly found by the jury or drawn by them from the evidence before them.

Argued Nov. 9, 1893.   Appeal, No. 290, Oct. T., 1893, by plaintiffs, Marianne Hartman et al., from judgment of C. P.

No. 1, Allegheny Co., March T., 1891, No. 743, entering compulsory nonsuit.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for injuries to dwelling house, caused by construction of defendant's incline plane.   Before COLLIER, J.

At the trial, it appeared that defendant constructed an incline plane across Frederick street in Pittsburgh.   Defendant purchased all the ground in fee upon which its tracks were located, and, among others, two lots fronting on Frederick street, 40 feet on the south side of the street and 40 feet on the north side of the street, adjoining plaintiff's property.   Defendant's road was built wholly on its own property, and neither overhangs nor takes that of any other owner.   It was built at right angles with the street and reached from one lot owned by the company to the other.   Its structure was eight feet above the sidewalk on the extreme north side, and 13.45 feet on the extreme south side of the street.   The manner in which plaintiff's property was directly injured by water from defendant's structure is described in the opinion of the Supreme Court.

The court, under objection and exception, refused to permit plaintiff to show that defendant's structure interfered with access to plaintiff's property. [1–3]

The court entered a compulsory nonsuit and subsequently refused to take it off.

*Errors assigned* were (1–3) rulings on evidence, quoting bills of exception; (4) refusal to take off nonsuit.

*William Yost*, for appellants, cited: Penna. R. R. v. Lippincott, 116 Pa. 481; Junction R. R. v. McCutcheon, 18 W. N. 527; Duncan v. R. R., 111 Pa. 352; R. R. v. Walsh, 124 Pa. 544; Jones v. R. R., 151 Pa. 46; Butchers' Ice & Coal Co. v. Phila., 156 Pa. 54; Chester Co. v. Brower, 117 Pa. 647; Sedgwick on Damages, § 109; Pastorius v. Fisher, 1 Rawle, 27.

*A. M. Imbrie*, for appellee, cited: Duncan v. R. R., 111 Pa. 352; Pgh. Junction R. R. v. McCutcheon, 18 W. N. 527; R. R. v. Walsh, 124 Pa. 544; R. R. v. Ziemer, 124 Pa. 560; Lippincott v. R. R., 116 Pa. 472; R. R. v. Marchant, 119 Pa. 541;

Livingston v. Wolf, 136 Pa. 533; Rafferty v. Cent. Trac. Co., 147 Pa. 591; Cox v. R. R., 10 W. N. 552; Lockhart v. Ry., 139 Pa. 423; Larimer Ry. v. Ry., 137 Pa. 533; Black v. R. R., 58 Pa. 249; Hobson v. Phila., 155 Pa. 131; R. R. v. Jones, 111 Pa. 204; Keiser v. Gas Co., 143 Pa. 276; Penna. Co. v. R. R., 151 Pa. 334.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 15, 1894:

If the inquiry, contemplated by the offers recited in the first three specifications of error, were any longer an open question in this state, the rejected testimony should have been received; but, unfortunately, as it appears to me, the court is of opinion that our decisions construing article XVI, section 8 of the constitution, have closed the door against such evidence in cases of the class to which this belongs: Lippincott v. Railroad Co., 116 Pa. 472; Railroad v. Marchant, 119 Pa. 541; Jones v. Railroad Co., 151 Pa. 31; Penna. Co. v. Railroad Co., 151 Pa. 334. It was not proposed to show that defendant company's structure rests upon or overhangs any part of plaintiff's land, either within or outside the lines of the street. It is therefore unnecessary to further notice either of said specifications.

The fourth and last specification presents a different question, to wit: whether the learned court erred in refusing to take off the judgment of nonsuit?

It is well settled that such refusal is tantamount to a judgment for defendant on demurrer to plaintiff's evidence, except that, in case of reversal, the record must be remitted with a procedendo, instead of giving judgment for plaintiff here: Finch v. Conrade, 154 Pa. 328. Hence it follows that, in considering the testimony in such cases, plaintiff is entitled to the benefit of every fact and inference of fact that might have been fairly found by the jury or drawn by them from the evidence before them. Testing the case at bar by that rule, we have no doubt the judgment of non pros should have been taken off. Without undertaking to summarize the testimony on which plaintiffs relied, or to refer specially to any portion of it, we think it is quite sufficient to have warranted the jury in finding in their favor. It tended to prove, among other things, that defendant company, chartered under the act of 1874, constructed

its double track incline against the westerly side of plaintiffs' dwelling house (located on the northerly side of Frederick street) and thence, on an ascending grade, across the street at right angles thereto. On the north side of the street, the structure is elevated eight feet above the sidewalk, and on the south side several feet higher. Beginning at plaintiffs' house and extending thence forty feet westerly along the northerly line of the street, defendant built a heavy stone wall or abutment, on which were placed four iron beams, thirty-six inches wide vertically, by which the superstructure was supported. That part of said abutment adjoining plaintiffs' dwelling was so constructed that water, conducted there by the iron beams and otherwise, was discharged against the brick wall of the house and so saturated the same that the plaster and paper on the inside thereof was injured and partially destroyed, and the rooms became mouldy and untenantable. While the witnesses did not state, in dollars and cents, any amount of damages resulting to plaintiffs therefrom, they so described the nature, character and extent of the injury to the plastering, etc., that the jury could have ascertained with reasonable accuracy the amount thereof. As described by the witnesses, the actual damages were by no means inconsiderable. In Allison v. Chandler, 11 Mich. 542, it was said: " Juries are allowed to act upon probable and inferential, as well as direct and positive proof. And when, from the nature of the case, the amount of damages cannot be ascertained with certainty, we can see no objection to placing before the jury all the facts and circumstances of the case having a tendency to show damages and their probable amount, so as to enable them to make the most intelligible and probable estimate that the nature of the case will permit." The ordinary intelligence and experience of jurors is sufficient to enable them to say with reasonable accuracy how much it would cost to repair damages such as were described by the witnesses in this case. But, if it were otherwise, the plaintiffs were entitled under the evidence to at least nominal damages, unless their witnesses were disbelieved: Pastorius v. Fisher, 1 Rawle, 27 ; Sedgw. on Damages, 142. In any event, the case is a proper one for submission to the jury.

Judgment reversed and a procedendo awarded.