# Marianne Hartman *v.* The Pittsburg Incline Plane Co., Appellant.

*Evidence—Res adjudicata—Record of former trial.*

The rule that what has been judicially determined shall not again be made the subject of controversy extends to every question in proceedings which are legally cognizable.

The fact that a certain structure had been so erected as to be a nuisance having been established by a former trial, in a suit for damages arising from the continued maintenance of the structure, the record of the former trial is admissible and conclusive as to the negligent and faulty structure, and the action of the court in the second trial was proper in withdrawing that fact from the consideration of the jury.

*Practice, C. P.—Trial—Conclusiveness of facts found by prior trial.*

The action of the court in a second trial as to the conclusiveness of facts found in a prior trial between the parties is to be governed by the facts as submitted to and found by the jury and not by the claims contained in the statement.

Argued April 6, 1896. Appeal No. 16, April T., 1896, by defendant, from judgment of C. P. No. 1, Allegheny County, June T., 1894, No. 994, on verdict for plaintiff. Before RICE, P. J., WICKHAM, REEDER, ORLADY and SMITH, JJ. Affirmed.

Trespass for injuries to dwelling house caused by continued maintenance of defendant's incline plane. Before SLAGLE, J. Verdict for plaintiff for $613.36.

The original cause of action, resulting in a nonsuit, was tried before COLLIER, J., C. P. No. 1, Allegheny Co., March T., 1891, No. 743, which case was reversed by the Supreme Court and is

reported in 159 Pa. 442.   At a second trial, between the same parties, the defendant tendered a judgment for the amount of plaintiff's claim.   This action was at once brought for the continuing loss to her.

The court below charged the jury, inter alia, as follows : ‵

You are not to consider whether or not the incline plane, the walls and connections across the street, etc., were imperfectly or negligently constructed so as to injure this property.   That was found by the former jury, and that is an end of it.   We have no right to inquire whether that judgment was right or wrong ; it fixes it for this case.   The only question here for your consideration is whether or not that has been remedied in anyway; whether the injury that was alleged to have been caused by these defendants in the former trial has ceased.  [6] . . . .

So you take the case, and if you find that the defendants have not remedied the injury that was done—which was determined by the former case to have been done by them—the plaintiff is entitled to your verdict, and for so much as she has shown to be injured.  [7]

The court below admitted the record of the former trial to prove the negligent construction of the structure and refused to permit the defendant to offer evidence tending to show that it was properly constructed.

*Errors assigned* were, (1) error in admitting the record of the second trial for the purpose of showing that in a former action the present plaintiff was plaintiff and the present defendant was defendant and the judgment for recovery for the same cause of action as in the present suit; (2) error in overruling offer of defendant to show by the witness on the stand that the structure complained of was carefully and well built and that it was impossible for any dampness to come from the wall of the structure to plaintiff's house; (3–5) in overruling defendant's first, second and third points, which had reference to questions at issue in the former trial; (6, 7) error in charging the jury, reciting portions of the charge objected to and which are set out and indicated in the statement of facts.

*A. M. Imbrie* with him *A. W. Duff*, for appellant.

*William Yost*, for appellee.—The rule that what has been judicially determined shall not again be made the subject of controversy extends to every question in the proceedings which was legally cognizable.   Perhaps no better summary of the law upon the subject can be found than is contained in the very recent case of Schwan v. Kelly, 173 Pa. 71.

OPINION BY REEDER, J., July 16, 1896 :

Marianne Hartman, the plaintiff, has a life interest in a property of the full use and enjoyment of which she claims she is deprived by the construction by the defendant of its incline plane upon adjoining land.   A similar action was tried before in Allegheny county between the same parties and upon the trial a compulsory nonsuit was entered.   The Supreme Court, upon appeal reversed the judgment: Hartman v. Incline Co., 159 Pa. 442.   The case was subsequently called for trial in the court below, a jury sworn and all the witnesses for the plaintiff examined when the defendant tendered a judgment for the amount of the plaintiff's claim.   This action was at once brought for the continuing loss to her.   The defendant assigns for error the admission in evidence by the court below of the record in the former trial, claiming that there was a variance between the statements of claim in that case and in this inasmuch as in the first case the statement claimed consequential damages and this statement does not and therefore the causes of action are not the same.   When the case was before the Supreme Court it was held that there could be no recovery for the consequential damages and therefore that portion of the plaintiff's claim was eliminated from consideration upon the retrial of the cause.   The remaining assignments of error all related to the action of the court below in holding that the negligence of the defendant's structure and the liability therefor were determined in the first suit and the finding of the jury in that action is conclusive. This is such a well settled doctrine in this state that it is no longer open to controversy.   As early as 1828 Kilheffer v. Herr, 17 S. & R. 319, it was decided that " in an action upon the case for the continuance of a nuisance in erecting a dam a verdict and judgment for the plaintiff in a former action, in which the same matter was in controversy between the parties, are conclusive evidence as to the existence of the nuisance."   This has been

followed in a long line of cases.   Even as recently as Schwan v. Kelly, 173 Pa. 71, the Supreme Court have said " The rule that what has been judicially determined shall not again be made the subject of controversy extends to every question in the proceedings which was legally cognizable."   It is said by the appellant in its argument that it does not dispute this well established doctrine, but contends that the judgment according to the record in the first trial does not legally show a claim for a nuisance and is therefore not conclusive as to its existence.   We do not see any force in this contention.   The plaintiff claims that the defendant's structure was so imperfectly and negligently built as in one case to throw water from the overhead structure upon the side of her building and in the other by building its masonry against the plaintiff's wall so as to keep her house damp and make certain of her rooms untenantable.   This is the nuisance for which she claims damages in both actions.   The finding of the jury in the first action that there was a negligent and faulty structure was therefore conclusive in this and the action of the court was proper in withdrawing that fact from the consideration of the jury.   We have already said in the first part of this opinion that the variance between the first and second statement in that there was a claim for consequential damages in the first which was omitted in the second statement is immaterial, as that question was eliminated from consideration in this case by the decision of the Supreme Court in the first case between these parties.   The action of the court in a second trial as to the conclusiveness of the fact found in a prior trial between the parties is to be governed by the facts as submitted to and found by the jury and not by the claims contained in the statement.

   Judgment affirmed.