## Hartman v. Pittsburg Inclined Plane Company, Appellant.

*Judgment—Res adjudicata—Evidence—Nuisance.*

A judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record—as, for example if it appear that several distinct matters may have been litigated, and upon which the judgment was rendered—the whole subject-matter of action will be at large, and open to a new contention unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible.

In such a case, that is where the record leaves the matter in doubt and explanatory evidence has been given, the question of the conclusiveness in his favor of a former verdict and judgment for the plaintiff as to a matter directly involved in the second suit is to be determined, not by a mere inspection of the declaration filed in the former suit, but by the extrinsic evidence as to the claim submitted to and determined by the jury. If the declaration in the first suit shows two claims, one of which is identical with the claim declared on in the second suit, it is competent to show that the other claim was eliminated from the case by judicial ruling or otherwise, and hence that the verdict and judgment were based on the claim identical with that declared on in the second suit.

If the record of the former trial shows that the verdict and judgment in the plaintiff's favor could not have been rendered without the existence and proof or admission of certain facts alleged in the declaration, there is a necessary implication, or, to say the least a prima facie presumption

that such facts were admitted, or were proved to the satisfaction of, and found by the jury. In such a case no extrinsic evidence as to the point decided need be offered in aid or in explanation of the judgment; the pleadings show the issue and the verdict and judgment show how it was decided.

In an action for a continuing nuisance founded upon a former judgment and averring a continuance of the nuisance, where it appears that the structure complained of in the former action is the same as that involved in the second action, the record of the former suit is admissible in evidence.

*Nuisance—Presumption of ownership of property—Evidence.*

In an action to recover damages for the continuance of a structure alleged to be a nuisance, and so found in a prior action, ownership of the property by the defendant is presumed to continue until some change or alienation is shown. If the record of the former action is put in evidence it is not necessary for the plaintiff to show that the defendant continued to occupy the structure.

*Nuisance—Continuing nuisance—Corporation—Eminent domain.*

The fact that a defendant is a quasi-public corporation, invested with the right of eminent domain, is not of itself conclusive against the right of an adjacent landowner, to maintain a second or third action for what, if maintained by a private person, would be a continuing nuisance.

*Nuisance—Continuing nuisance—Estoppel—Former action.*

Former recoveries against a corporation, endowed with the rights of eminent domain, for constructing an incline plane so as to be a continuing nuisance do not estop an adjacent landowner from recovering damages which have accrued since such former actions.

*Nuisance—Inclined planes—Life tenant—Damages.*

In an action by a life tenant to recover damages for a continuing nuisance maintained by a corporation having the right of eminent domain, the plaintiff cannot be compelled to submit to an adjudication of her damages based on the jury's speculation as to her probable duration of life, where the injury of which she complains resulted, not from a cause that was permanent, in the sense that it was an inseparable incident to the construction and operation of the defendant's inclined plane, or even to the maintenance of the structure, but from negligence in the construction and maintenance thereof.

Argued May 13, 1903. Appeal, No. 6, April T., 1903, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1900, No. 355, on verdict for plaintiff in case of Marianne Hartman v. Pittsburg Inclined Plane Company. Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass for a continuing nuisance. Before McCLUNG, J.

See Hartman v. Incline Plane Co., 159 Pa. 442, Hartman v. Incline Plane Co., 2 Pa. Superior Ct. 123, and Hartman v. Incline Plane Co., 11 Pa. Superior Ct. 438.

At the trial the court admitted under objection and exceptions the records of previous suits between the same parties as to the abutment, the maintenance of which was the alleged nuisance. [1, 4]

The defendant filed the following paper:

And now, to wit: November 14, 1901, the defendant elects to have the alleged tort, which is the basis of this action, treated as a permanent one, and to have the damages assessed on that basis, and demands that any recovery that may be had in this case shall be for all damages in the future as well as the past.

### RULING THEREON.

After the discussion of various propositions for the purpose of raising the question involved and guiding counsel in the introduction of evidence, the court rules as follows: Considering the shape in which we find the record in this present case, we will allow it to be tried upon the theory that the damages are to be assessed as in the former cases up to the time of the election to maintain the structure permanently by the defendant, to wit: November 14, 1901. We will take that election as controlling the status of the parties, and permit the jury to assess the damages from that time forward as if for a permanent maintenance of the objectionable structure, instructing them that such damages contemplate a proper and careful maintenance of it, and are only such as are necessarily incident to the maintenance of the structure ; that is, we will so direct them as to exclude all damages after the date of the trial which arise from a careless or improper maintenance of the structure which is alleged to injure the plaintiff. We can allow these damages to be assessed in different amounts, and thus will be able to enter proper judgment upon the verdict. That concludes everything except the small amount of damages that the plaintiff might be entitled to for an improper maintenance of it, if there is anything of that sort between the date of this notice and the date of this trial. But we will determine that matter if there is anything there that is proper to be considered—

we can determine what we will do with that when the time comes.

### REVERSAL OF RULING.

The Court: At the time of the former ruling made, which required the plaintiff to go for the permanent injury to the property, I was of the belief that admittedly all interested parties were before the court, and was greatly, perhaps unduly, influenced by a desire to promote the convenience of the parties and end litigation. With the developments brought about by the objection to this testimony, I have concluded that the defendant should not be permitted to take this as if taken under the right of eminent domain and have its permanent damages assessed unless it brings into this court all the parties interested, so that that assessment may be made in a single suit. I therefore will solve this matter by reversing that ruling, and ruling that the plaintiff here can only recover as in the former cases for the damage done her up to the time of trial, and will confine the trial to that. In that view of the matter, the objection is sustained. [8]

Plaintiff presented this point:

The paper filed by defendant on November 14, 1901, called an election, has no effect upon the assessment of damages in this case, and the plaintiff is not entitled or bound to have the damages assessed on the basis of a permanent tort, or to recover for all damages in the future as well as in the past. *Answer :* This is affirmed. You simply assess the damages as I have said, between the date of the last trial and this one. [9]

Defendant presented this point:

1. The defendant, being incorporated, for the purpose of constructing and maintaining an inclined railroad, had the lawful right to construct and maintain the structure complained of, upon making proper compensation for damages resulting therefrom. *Answer :* This is refused. It is not a case of taking (as has been expressly decided in this very case) ; it is not a case of taking by virtue of the right of eminent domain. It is the case of the structure of one private owner injuring the structure of another private owner adjoining. [10]

2. Defendant being a corporation, vested with the right of eminent domain, and authorized to construct and maintain the structure complained of, and the plaintiff having in a prior case

recovered for damages resulting therefrom, the plaintiff is now barred from recovering for a continuation of the injuries resulting from said structure. *Answer :* This is refused. [11]

The court charged in part as follows :

It was also necessary for her, in the first place—the burden was upon her—to show that the defendant company was maintaining this nuisance which was complained of. But when she put in evidence the records showing that they were maintaining such nuisance, or indicating that they were maintaining such nuisance, in 1899, or such illegal structure (that is what I mean by the word " nuisance") then it was not necessary for her to go further and show that they continued to occupy it. She could rely upon the presumption that they continued to occupy it. [7]

*Errors assigned* were (1–4) rulings on evidence : quoting the bill of exceptions, (7–11) above instructions, quoting them.

*Walter Lyon,* of *Lyon, McKee & Mitchell,* for appellant.— The record of a former recovery may be attacked by parol evidence that there had been no trial on the merits : Larkin v. Glover Steam & Gas Fitting Co., 2 Del. Co. Rep. 453 ; Springer v. Wood, 18 W. N. C. 520.

Where it can be gathered from the record that the merits of the controversy were not passed upon in the first suit, but that the determination proceeded upon some technicality not affecting plaintiff's right to sue, the first judgment or decree will constitute no bar to the second suit: Carmony v. Hoober, 5 Pa. 305 ; Haws v. Tiernan, 53 Pa. 192 ; Detrick v. Sharrar, 95 Pa. 521 ; Holloway v. Jones, 143 Pa. 564.

It must appear in the record of the former suit that the particular controversy sought to be concluded was necessarily tried and determined in the case and if the record itself does not show that the matter was necessarily and directly found by the jury, evidence aliunde consistent with the record may be received to prove that fact: Leather v. Poultney, 4 Binn. 352 ; Wilson v. Hamilton, 9 S. & R. 424 ; Ruggles v. Gaily, 2 Rawle, 232; Coleman's Appeal, 62 Pa. 252 ; Buckley v. Columbia Insurance Company, 83 Pa. 298 ; Shaffer v. Corson, 141 Pa. 256.

*William Yost,* for appellee.—The question of the defendant's liability was determined in previous suits brought and tried: Hartman v Incline Plane Co., 159 Pa. 442; Hartman v. Incline Plane Co., 2 Pa. Superior Ct. 123; Hartman v. Incline Plane Co., 11 Pa. Superior Ct. 438.

The principle decided in Lippincott v. Penna. R. R. Co., 116 Pa. 472, Penna. R. R. Co. v. Marchant, 119 Pa. 541 and Jones v. Erie, etc., R. R. Co., 151 Pa. 30, which was applied by the Superior Court to this identical controversy in Hartman v. Incline Plane Co., 159 Pa. 442, puts the parties to the suits in the attitude towards each other of simple owners of adjoining property, each entitled to use his own in a lawful manner without responsibility to the other for damages that may result from such use.

OPINION BY RICE, P. J., October 5, 1903:

It is claimed that the records of the judgments in the former suits were not admissible in evidence, unless accompanied by proof aliunde of the facts found by the jury on those trials. It might be true that the judgments would not be conclusive, per se, upon any of the questions in issue upon this trial, if there were any uncertainty as to the grounds of recovery in the former suits. The law upon this subject was clearly stated by Justice FIELD, as follows: " It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record —as, for example: if it appear that several distinct matters may have been litigated, and upon which the judgment was rendered—the whole subject-matter of the action will be at large, and open to a new contention unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment, and give effect to the adjudication actually made when the record leaves the matter in doubt, such evidence is admissible: " Russell v. Place, 94 U. S. 606. See also

Leather v. Poultney, 4 Binn. 352; Wilson v. Hamilton, 9 S.
& R. 424; Ruggles v. Gaily, 2 Rawle, 232; Coleman's Appeal,
62 Pa. 252; Follansbee v. Walker, 74 Pa. 306; Susquehanna
Mut. Fire Ins. Co. v. Mardorf, 152 Pa. 22; Hexter v. Bast, 125
Pa. 52; Kapp v. Shields, 17 Pa. Superior Ct. 524.  In such a
case, that is where the record leaves the matter in doubt and
explanatory evidence has been given, the question of the
conclusiveness in his favor of a former verdict and judgment
for the plaintiff as to a matter directly involved in the second
suit is to be determined, not by a mere inspection of the decla-
ration filed in the former suit, but by the extrinsic evidence as
to the claim submitted to and determined by the jury.  If the
declaration in the first suit shows two claims, one of which is
identical with the claim declared on in the second suit, it is
competent to show that the other claim was eliminated from
the case by judicial ruling or otherwise, and hence that the
verdict and judgment were based on the claim identical with that
declared on in the second suit.  This, as shown by the context,
was what was meant by the concluding remark in Judge
REEDER's opinion in the first case between these parties
brought to this court: Hartman v. Pittsburg Incline Plane
Co., 2 Pa. Superior Ct. 123.  But if the record of the former
trial shows that the verdict and judgment in the plaintiff's
favor could not have been rendered without the existence
and proof or admission of certain facts alleged in the decla-
ration, there is a necessary implication, or, to say the least,
a prima facie presumption that such facts were admitted,
or were proved to the satisfaction of, and found by, the
jury.  In such a case no extrinsic evidence as to the point
decided need be offered in aid or in explanation of the judg-
ment; the pleadings show the issue and the verdict and
judgment show how it was decided.  " A judgment concludes,
not only the technical fact in issue, but also every component
fact necessarily involved in its determination: " Rauwolf v.
Glass, 184 Pa. 237; Weaver v. Lutz, 102 Pa. 593.  These
principles are applicable here.  The pleadings show that, after
the elimination of part of the plaintiff's claim by the decision
of the Supreme Court in 159 Pa. 442, the nuisance charged
in this case is identical with that charged in the former cases.
The plaintiff could not have recovered in the first suit without

proof or admission of the facts, that the structure described in the report of the case last cited was maintained by the defendant, that it was negligently and improperly constructed or maintained—the language of the declaration is "carelessly, imperfectly and defectively built, constructed and maintained" —and that by reason thereof it was the cause of injury to the plaintiff's premises. The judgment therefore, in the absence of explanatory evidence, must be regarded as a conclusive adjudication of these matters; the conclusion that they were adjudicated arises by necessary implication from the records offered in evidence. As was said in Rockwell v. Langley, 19 Pa. 502, which was a second action for a continuing nuisance, "this action recites, and is founded upon the former judgment, and avers a continuance of the nuisance; and to this the plea is, not guilty, the only meaning of which here is, that the defendant has not continued the nuisance charged and found in the former action." It follows that the court committed no error in admitting the records of the former suits in evidence, or in the instructions complained of in the fifth assignment of error.

The plaintiff adduced ample evidence that the injury to the plaintiff's premises complained of in the former suits continued down to the trial of the present action and that the damages resulted wholly or in part from the same cause as the damages complained of in the former suits. The defendant was permitted to show the contrary, and the jury were instructed to determine the questions: "Has she suffered damage? Has this structure continued to damage her, and if so, how much? It was open for the defendant to show that it has remedied the trouble; that it has modified the structure so that it no longer damages her. Or it was open for it to show, when she submitted the amount of her damages, that the damage, or at least a part of it, came from another cause. Even if it maintained a structure there which made it liable for the damage resulting from it, it would not be liable for damage which resulted from another cause." Then follows the instruction complained of in the sixth assignment which was immediately accompanied by the following qualifying statement: "Yet there still remains open the amount of the damage. It is still competent, as I have said, for these parties to show that this damage, or part it, came

from another cause. If the structure has ceased to damage her, and they could show that by accounting for the damage on other grounds, then, of course, she could not recover. But outside of that, the matter was not open to contest." The same idea was conveyed in other portions of the charge. Taking the instructions upon this subject, together with the affirmation of the defendant's fifth point, as a connected whole, and construing them in the light of the evidence, we conclude that they were as favorable to the defendant as it had a right to ask. The sixth assignment is overruled.

The instructions complained of in the seventh assignment, relative to the evidence which it was the duty of the plaintiff to produce as to the possession or control of the structure, during the time for which damage was claimed in the present suit, were in exact accordance with our ruling upon the same question in Hartman v. Incline Plane Co., 11 Pa. Superior Ct. 438. All that we said in that case upon this question is equally pertinent here, and need not be repeated. This assignment is overruled.

The precise question raised by the tenth and eleventh assignments was distinctly raised and fully considered by us in the case last cited. We recognize its importance, but after a careful reconsideration of it in the light of the argument now presented, and the authorities cited, by the appellant's counsel, we see no reason to change our conclusion. It is to be borne in mind that the plaintiff is not asking to recover by virtue of the constitutional obligation of defendant to make compensation for property taken, injured or destroyed. She alleges a nuisance resulting from negligence and her right to recover damages therefor is in no way dependent on the constitutional provision. As said by the learned judge below, the plaintiff's complaint is not that the structure of defendant is a nuisance, but that the manner in which it turns the water against her wall constitutes a nuisance, and, of course, the law does not declare such damage, in its essential character, permanent. It may or may not be according to the circumstances, but as we endeavored to show in our former decision, no conclusive presumption of law or fact that it is so arises from the fact that the defendant is invested with the right of eminent domain. We still think that the case is plainly distinguishable from all

of the cases, certainly from all of the Pennsylvania cases, cited by the appellant's counsel, in which it was held that the damages were to be assessed upon the same basis as if there had been a permanent appropriation of the plaintiff's land. These assignments are overruled.

At the outset of the trial the defendant's counsel called the attention of the court to the election they had filed to have the alleged tort, which was the basis of the action, treated as a permanent one, and to have the damages assessed on that basis, and to the demand contained in said paper " that any recovery that may be had in this case shall be for all damages in the future as well as the past." The paper is quoted in full in the eighth assignment. Thereupon the court made the first ruling quoted in that assignment, which, as to the damages accruing after the date of the election, was in substantial accordance with the defendant's request. But after the plaintiff had adduced evidence tending to show that the only way in which she could remedy the past injury and prevent future injury was by taking down the side wall and a portion of the front wall of her house, rebuilding the side wall farther away from the defendant's structure, and laying it in cement, and then offered to show what this alteration of her house, and other changes thereby made necessary, would cost, the defendant objected to the offer " as incompetent and irrelevant, and for the further reason that the damages to be assessed in this case are damages for the term of the present tenant, and are not the damages for the permanent injury to the property." Inasmuch as the plaintiff was simply tenant for life and was suing for damages to her possession, it seems that this objection was well taken. It would have been equally valid against an offer to show the difference between the value of the premises as affected by the defendant's negligently and defectively constructed structure and their value if the defects therein were remedied, the cause of the injury removed, and the nuisance abated. If, therefore, the defendant's theory as to the assessment of damages was to prevail, it would seem that the only way it could have been applied in the present action was by determining the difference in value of her life estate, as above stated. By reason of the uncertainty of its duration there were manifest difficulties in the way of the assessment of the damages upon

that basis.   For this reason, in connection with those set forth very clearly and forcibly in the opinion of the learned judge below refusing a new trial, with which we concur, we think she could not be compelled to submit to an adjudication of her damages based on the jury's speculation as to her probable duration of life, where the injury of which she complained resulted, not from a cause that was permanent, in the sense that it was an inseparable incident to the construction and operation of the defendant's road, or even to the maintenance of the structure, but from negligence in the construction and maintenance thereof.   Hence the learned trial judge committed no error in reversing his former ruling and holding that the plaintiff could only recover, as in the former cases, for the damage done her up to the time of trial.   The eighth and ninth assignments are overruled.

Judgment affirmed.