## Murphy, Appellant, *v.* Matthews.

*Res adjudicata—Waters—Diversion of waters—Damages.*

Where a landowner brings suit against another to recover damages for the diversion of the water of a stream, and recovers a judgment based upon evidence of the difference in value of the land before and after the trespass, and the judgment has been paid, such landowner cannot maintain an action several years afterwards against the same defendant to recover damages for a continued diversion of the waters of the same stream.

Argued Oct. 8, 1909. Appeal, No. 00, Oct. T., 1909, by plaintiff, from judgment of C. P. Schuylkill Co., Oct. T., 1909, No. 1, for defendant non obstante veredicto in case of Maria Murphy v. Israel Matthews and the Philadelphia & Reading Coal & Iron Company. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Trespass to recover damages for the diversion of waters of a stream. Before Marr, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $250. Subsequently the court entered judgment for defendants non obstante veredicto. Plaintiff appealed.

*Error assigned* amongst others was in entering judgment for defendants non obstante veredicto.

*J. W. Moyer*, with him *S. M. Enterline*, for appellant.— The case was not res adjudicata: Coleman's App., 62 Pa.

252; Hartman v. Inclined Plane Co., 23 Pa. Superior Ct. 360; Hoffman v. Coal Co., 16 Pa. Superior Ct. 631; Bare v. Hoffman, 79 Pa. 71; Bigham v. Construction Co., 29 Pa. Superior Ct. 86; Gift v. Reading, 3 Pa. Superior Ct. 359.

*George M. Rhoads,* with him *Robert P. Swank,* for appellees.—When the subsequent action is upon the identical claim or demand between the same parties, a judgment of a court of competent jurisdiction upon the merits of a material question is a bar to the subsequent action: Rauwolf v. Glass, 184 Pa. 237; Hartman v. Inclined Plane Co., 23 Pa. Superior Ct. 360; Coleman's App., 62 Pa. 252; Packet Co. v. Sickles, 72 U. S. 580.

OPINION BY ORLADY, J., July 20, 1910:

This action of trespass was brought to recover punitive damages for the continuing use and damage to the plaintiff's property, by the diversion of water from springs on the land of the Philadelphia & Reading Coal & Iron Company, an upper riparian owner, and which flowed in a definite, natural channel through and across the land of the plaintiff. The defendant, Matthews, obtained permission from the coal company to, and did divert and use the water on his adjacent property. This plaintiff brought her second action against the same defendants as those named in No. 401, June Term, 1905, and in her statement therein averred "that for more than seventeen years she had the free and uninterrupted use and benefit of the said stream of water in carrying on her farm, etc., as a riparian owner, which use during all of said time had been open, notorious, exclusive and continuous; that she had no other available source from which she could secure an adequate supply, etc.; that the defendant, Matthews, has built on the premises of the other defendant a tank or reservoir, and unlawfully diverted and continues to divert said stream, thus depriving her of the use and enjoyment of the water, etc."

All matters at variance between the parties in that suit

were referred to three named arbitrators, who were appointed under the provisions of the act of June 16, 1836, and who met, heard the evidence and allegations of the parties, determined the matters in controversy, and awarded the sum of $300 to Maria Murphy, and against Israel Matthews, the defendant. The award was signed by the three arbitrators and dated September 7, 1906. On October 6, 1906, the counsel of Matthews gave to the attorney of record and who conducted the arbitration for the plaintiff his check for $300 to the order of M. M. Burke, Esq., and which was properly indorsed as "atty. for Maria Murphy" and was paid through the bank. At the same time the plaintiff's attorney signed and delivered a receipt in the following form: "Received of George M. Roads, of counsel for Israel Matthews, the defendant above named, his check payable to myself as atty. for Maria Murphy, the plaintiff above named, for three hundred dollars, in full of the arbitrators' award in said case, being for permanent damages to plaintiff's property described in the plaintiff's declaration in said case," and the judgment on the award was satisfied of record.

In the present case, No. 247, September Term, 1909, the statement refers to the same land, same streams of water, same reservoir or tank, in the suit, No. 401, June Term, 1905, and the rendition of the judgment in favor of the plaintiff against Matthews which was directly on the point in controversy. The validity of the payment to the attorney of the plaintiff is not challenged, nor is that fact denied. The trial of the case now before us resulted in a verdict in favor of the plaintiff for $250 against Matthews and in favor of the other defendant, the coal company. A motion for judgment non obstante veredicto was allowed for the reason that the uncontracted testimony was, that on the trial before the arbitrators the cause of action was exactly the same, being to recover permanent damages, and that under all the testimony the court should have directed a verdict for the defendant, and after argument a judgment was directed in favor of

the defendant. There are a number of assignments of error which become immaterial if the court entered the correct judgment on this motion. Maria Murphy sat beside her counsel at the arbitration, heard his offers of testimony, and testified herself that the value of the farm was $12,000 before the alleged trespass, and that it was reduced in value by the diversion of the water to $6,000. The three arbitrators were called as witnesses and each said that the testimony that was offered before them as arbitrators was the value of the property before the diversion of the water and afterward. Her attorney, who tried the case, testified that the purpose of the offers made by him before the arbitrators was to show the depreciation in the value of the farm by reason of the taking of the water, that is, the difference between the price of the property or what it would bring in the market immediately before the taking of the water, and immediately after. At the trial the defendant presented a point asking for binding instructions, which was refused without reading it; and the question was reserved, whether under the evidence the verdict should not be for the defendants. When the subsequent action is upon the identical claim or demand between the same parties, a judgment of a court of competent jurisdiction upon the merits of a material question is a bar to a subsequent action: Rauwolf v. Glass, 184 Pa. 237; Hartman v. Incline Plane Company, 23 Pa. Superior Ct. 360; Coleman's Appeal, 62 Pa. 252. The judgment of the court in setting aside the verdict and entering judgment for the defendants was fully authorized by Menner v. Canal Company, 7 Pa. Superior Ct. 135; Eardley v. Keeling & Ridge, 10 Pa. Superior Ct. 339; Holland v. Kindregan, 155 Pa. 156; and Knupp v. Brooks, 200 Pa. 494.

The judgment is affirmed.