# Hart, Appellant, *v.* Drumm.

*Practice, C. P.—Trial—Request for instructions—Failure to make request.*

Where in an action against an administrator to recover for money spent on the funeral of deceased and for his boarding and nursing, it appears that there were three trials of the case, and that at the second trial the judge held that plaintiff could not recover for nursing because there was no evidence as to the value of the same, and the third trial was upon the evidence produced at the second trial, the plaintiff cannot complain of the trial judge at the third trial in not referring to the nursing claim, if it appears that he made no request for instructions as to this claim, although he did as to the other claims.

Argued Nov. 12, 1913.  Appeal, No. 115, Oct. T., 1913, by plaintiff, from judgment of C. P. Lancaster Co., May T., 1911, No. 51, on verdict for plaintiff in case of Benjamin Hart v. Warren M. Drumm and Samuel Hart, Administrators of Samuel Drumm, deceased.  Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ.  Affirmed.

Assumpsit to recover for boarding, nursing and funeral expenses.

Hassler, J., charged as follows:

The plaintiff seeks in this action to recover for boarding, and for the expense and inconvenience of holding the funeral of Samuel Drumm.

The undisputed testimony shows the following facts: Samuel Drumm, the decedent, was the owner of a farm in Providence township, this county, prior to the war. He conveyed it to his mother in 1861, who owned it until his return from the war in 1865, when it was conveyed to him.  He continued to own it until 1884 when he deeded it to the plaintiff and his brother Samuel, who subsequently conveyed his interest to the plaintiff, who owned it at the time of Samuel Drumm's death in

1909. At the time of his death he was seventy-eight years of age. When the farm was reconveyed to Samuel Drumm in 1865, his mother, his sister, Mrs. Hart, with five children, of whom the plaintiff was one, lived there with him. The plaintiff was then about fourteen years of age. He, one sister and one brother, continued to live with Samuel Drumm until the conveyance of the property to the plaintiff and his brother, Samuel, in 1884. Subsequently Samuel Hart married and moved away, the others continuing to live there together until Samuel Drumm's death. Samuel Drumm did some work about the farm, even up to the time of his death. What he did in the last years of his life was not of much account, consisting principally in helping in the garden and about the house. He also bought some supplies for the house, but they were not of much value. No contract was made by Samuel Drumm with the plaintiff for the payment of boarding, and when asked by the plaintiff to pay boarding he said he would not pay any. When this occurred does not appear. There was no testimony that any boarding was ever paid for, nor that any other demand than this attempt to get him to pay boarding, was made. He had a judgment note against the plaintiff for $1,500, dated April 1, 1897, payable one year after date without interest. The note bears the following indorsement: "June 5, 1908, received $100 on the within note," signed "Samuel Drumm"; "June 8, 1909, received $100 on the within note," signed, "Samuel Drumm." The former of these payments was made during the time and near the end of it for which plaintiff claims for the boarding of said Samuel Drumm. He also had other notes, his estate amounting to about $2,600. During all the time for which boarding is claimed he received a pension of $12.00 a month.

Under these circumstances should the plaintiff be compensated for the boarding of Samuel Drumm? It is well settled that when one furnishes boarding

to another the law raises an implied promise on the part
of the one receiving it to pay it. While the relation
of parent and child is sufficient to rebut this presump-
tion, other relationship is not sufficient of itself to do so.
In such case there must be circumstances in addition
to the relationship to rebut it. The fact that the parties
lived together and sustained the family relation between
them is sufficient, as is the existence of other circum-
stances to show that payment was not expected for the
boarding rendered, that is, that the parties did not deal
with each other as debtor and creditor. In this case
the parties bore the relationship of uncle and nephew,
which of itself is not sufficient to rebut the presumption
of an implied promise on the part of Samuel Drumm
to pay the plaintiff for the board which he received.
[They did, however, sustain the family relation between
them, and had done so for nearly fifty years. When the
plaintiff was a boy of fourteen, Samuel Drumm owned
the farm and kept him and his brothers and sisters and
mother there, all as one family, some of them until the
conveyance of the property to the plaintiff. When the
property was so conveyed there is no evidence of a change
of such relation, they continuing to live there the same
afterwards as before.] [4] The note which the plaintiff
gave Samuel Drumm for $1,500 was to be without
interest. The plaintiff wanted to make an arrange-
ment with his uncle to have him pay board, but he said
he would not do so. He was permittted to board there
after that, with the plaintiff having this knowledge
that he would not pay board. If he boarded him on
this condition he could not expect nor is he entitled to
recover for it. During the time it is now claimed that
there was an implied promise on the part of Samuel
Drumm to pay boarding, the plaintiff made one pay-
ment to him of $100 on an indebtedness which Samuel
Drumm had against him. The claim of the plaintiff
was not made until after the death of Samuel Drumm,
and it covered a period of over four years. [There is

no affirmative proof that the board has not been paid, even though there was an implied promise that he was to pay for it.] [5]

In cases such as this, as in all others where the testimony does not make out a case in which the plaintiff is entitled to recover, it is the duty of the court to instruct the jury to find a verdict for the defendant. It is decided (Swires v. Parsons, 5 W. & S. 357) that where there is no dispute that the parties lived together under such circumstances as to rebut the presumption that he intended to pay and she intended to collect for the services, that is under circumstances which repelled the idea of a contract, the court committed no error in instructing the jury that she could not recover. In another case (DeFrance v. Austin, 9 Pa. 309), the Supreme Court reversed the court below, because it did not give binding instructions to the jury to find a verdict for the defendant, where the claimant for services lived with the defendant under such circumstances as to rebut the presumption of a contract to pay for them. In another case (Lantz v. Frey, 14 Pa. 201), it is held that binding instructions were properly given where the relations, under which the parties lived, showed that neither contemplated remuneration by the payment of wages nor thought of such a thing at the time the contract was made. Neal v. Gilmore, 79 Pa. 421, is to the same effect. Neale v. Engle, 7 Atl. Repr. 60, 4 Sadler, 1, appears not to agree with these cases. An examination of it, however, shows that the testimony in that case required its submission to the jury.

[In this case there are such circumstances, as we have shown, and about which there was no dispute, which show that the board was furnished without any contemplation on the part of the parties that it should be paid for, and the plaintiff, therefore, cannot recover.] [6]

[Another reason why plaintiff cannot recover is the fact that no affirmative proof was offered to show that the boarding was not paid for.] [5]   The payment of

wages for domestic services and payment of board are presumed to be made at stated periods, and where suit is brought against a decedent's estate, and the plaintiff offers no affirmative evidence nor proves any circumstance to rebut the presumption that payment was made, a verdict should be directed for the defendant: McConnell's App., 97 Pa. 31; Taylor v. Beatty, 202 Pa. 120; Cummiskey's Est., 224 Pa. 509; Winfield v. Beaver Trust Co., 229 Pa. 530. The latter case and Gregory v. Commonwealth, 121 Pa. 611, decide that whether there is testimony sufficient to rebut this presumption is a question for the court.

In this case there is no affirmative proof that boarding had not been paid, nor that any demand had been made for it. It is true that Samuel Hart testified that it had not been paid, to the best of his knowledge, but he showed that he had no knowledge of the subject, basing his opinion entirely on the fact that none was paid to him when he was the part owner of the farm some twenty-five years before. The sister of the claimant, Mary Hart, testified that the claimant spoke to the decedent about paying board, and he said he would not pay any. It does not appear when the conversation occurred. Plaintiff's claim according to his statement, covered a period of twenty-six years. It may have been years ago that this conversation took place, being before the period during which we instructed the jury the claimant might recover for, viz., the last four years of the decedent's life. If it did occur prior to that time it would be no evidence of the nonpayment of board during that time. And unless it was close to the time of the decedent's death, it would be no proof, even then, that it was not paid. Nor do we regard it, in any view, as evidence of nonpayment, but only of Samuel Drumm's refusal to enter into a contract for the payment of board. The plaintiff, therefore, is not entitled to recover for boarding of Samuel Drumm.

[The defendant does not contest two items of plaintiff's claim, viz.: For holding the funeral and supplies

462          HART, Appellant, *v.* DRUMM.

Charge of Court below—Opinion of the Court.   [55 Pa. Superior Ct.

for the funeral amounting to $31.00, which, with interest at the time of the trial, amounted to $35.65. Under the views we have expressed the plaintiff is not entitled to recover more than that amount.] [7]

We, therefore, instruct you to find a verdict for the plaintiff for $38.44 for services and supplies furnished at the funeral, with interest from that time to date.

Verdict and judgment for plaintiff for $38.44. Defendant appealed.

*Errors assigned* were various portions of the charge as above, quoting them.

*John A. Coyle* and *B. F. Davis*, with them *William H. Keller*, for appellant.

*I. C. Arnold*, with him *J. M. Groff* and *John E. Malone*, for appellee.

OPINION BY MORRISON, J., December 8, 1913:

Upon careful reading of the testimony and due consideration of the arguments of counsel and the charge of the learned trial judge, we are of the opinion that this case was well tried and a just judgment reached in the lower court. The charge, which will appear in the report of the case, needs no argument from us to demonstrate that it is adequate and impartial. In our opinion, under the testimony and the charge, there is no merit in the first six assignments of error.

But the learned counsel for plaintiff seek to secure a reversal of the judgment upon an additional assignment (the seventh) which seems to have been an afterthought because it is pasted into the paper-book evidently after the book was printed. This assignment alleges error in a portion of the charge as follows: "The court erred in refusing to submit to the jury the claim of the plaintiff for nursing as follows:

"The defendant does not contest two items of plain-

tiff's claim, viz.: For holding the funeral and supplies for the funeral amounting to $31.00 which, with interest at the time of the trial, amounted to $35.65. Under the views we have expressed the plaintiff is not entitled to recover more than that amount."

Upon this assignment it is contended that the learned trial judge erred in not referring to the jury plaintiff's claim for nursing Samuel Drumm during his last illness. But it is not at all clear to us that this language of the judge indicates that he had in mind the nursing claim at all. Counsel for plaintiff should not claim surprise because the trial judge did not refer the nursing claim to the jury, in the absence of a request on their part so to do, because it is asserted, and seems to be conceded, that at the second trial of this case the trial judge held that plaintiff could not recover for the nursing because there was no evidence of the value of the same. Whether this ruling was right or wrong the plaintiff should have proved the value of the nursing at the third trial, or at least have requested the trial judge to refer such evidence as had been offered describing the character of the nursing services, to the jury. It is stated, and seems to be conceded, that the third trial was upon the record of the evidence taken at the second and therefore the third trial was on precisely the same evidence as the second.

If we were to consider the seventh assignment sufficient to raise the nursing question it would not be fair to the trial judge to sustain that assignment, because it is apparent from the record that the language quoted in that assignment had reference to plaintiff's claim for boarding and lodging Samuel Drumm, and to the funeral expenses, and to nothing else. We are sustained in this view by the fact that plaintiff's counsel presented to the trial judge a series of written points, for instructions to the jury, and not one of these points called the judge's attention to the nursing claim. It is true the plaintiff did offer some testimony tending to show that he nursed Samuel Drumm during his last illness,

but the evidence clearly shows that the old gentleman was only ill about three weeks and that he was up and about the house on the day before he died. In any view of this matter the nursing claim would be small in amount.

It is very clear from the charge that the learned trial judge did not understand that plaintiff's counsel were insisting on the right to recover for nursing Samuel Drumm. This appears in the opening sentence of the charge as follows: "Gentlemen of the Jury: The plaintiff seeks in this action to recover for boarding, and for the expense and inconvenience of holding the funeral of said Samuel Drumm." Nothing can more clearly than this show how the learned trial judge understood the claims that were being pressed by plaintiff's learned counsel. The entire charge does not contain a reference to the claim for nursing Samuel Drumm and if plaintiff's able counsel meant to press that claim, we think when they heard the charge, they would not have rested without presenting a request to the judge to refer the nursing claim to the jury.

While it may be true, as now argued by plaintiff's counsel, that having some evidence before the jury that plaintiff nursed Mr. Drumm during his last illness, although there was no proof of the value of the services, the plaintiff was entitled to recover what the jury considered the nursing reasonably worth, or at least a nominal sum, yet we decline to sustain the seventh assignment for the reasons above stated. In support of their right to go to the jury without proving the value of the nursing services, counsel for plaintiff cite the following, among other, cases: Jones' Appeal, 62 Pa. 324; Bash v. Bash, 9 Pa. 260; Hartman v. Inclined Plane Co., 159 Pa. 442.

This case was tried three times in the court below, and upon the questions that were really before the trial judge and ruled upon by him, we think it was well tried the third time, and under the undisputed testimony as to the family relations which had existed for

a long term of years between the plaintiff and Samuel Drumm and the failure of the plaintiff to overcome the presumption of periodical payments for the boarding, by proving that it was not paid for, we fully concur with the trial judge in his ruling that the plaintiff could not recover for the boarding of Samuel Drumm. As to the nursing claim we are clearly of the opinion that the plaintiff is not entitled to a reversal of the judgment on the seventh assignment for the reasons already stated.

Giving due weight to all of the assignments of error we fail to find in the record sufficient reasons for reversing the judgment and sending this case back for a fourth trial.

The assignments of error are all overruled and the judgment is affirmed, and the appeal is dismissed at the cost of appellant.