## Mackin v. Patterson, Appellant.

*Negligence—Automobiles—Pedestrian struck at street crossing—Presumption—Evidence—Case for jury.*

1. Vehicles have the right of way on the portion of the highway set aside for them, but, at crossings, all drivers, particularly of motor vehicles, must be highly vigilant and maintain such control that, on the shortest possible notice, they can stop their cars so as to prevent danger to pedestrians.

2. A pedestrian must exercise continued vigilance while crossing a street, but just where he should look depends upon shifting conditions, and is a question of fact, rather than of law.

3. The presumption is that a pedestrian used due care at a crossing. He is not bound to anticipate that a driver of an automobile would be negligent.

*Evidence—Improper cross-examination—Medical testimony—Remark of trial judge—No request for withdrawal of juror—Waiver.*

4. It is improper cross-examination to ask a doctor in an accident case as to the weight he would give the evidence of another doctor, who had treated plaintiff after the accident.

5. Where a trial judge properly excludes a question on cross-examination, and counsel persists in the line of cross-examination, the judge does not commit reversible error in characterizing it as irrelevant and highly improper.

6. Where no request was made for the withdrawal of a juror, because of such remark, objection thereto was waived.

Argued January 21, 1921. Appeal, No. 48, Jan. T., 1921, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1919, No. 5536, on verdict for plaintiff in case of Mary Mackin v. Harry T. Patterson. Before

MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Trespass for personal injuries.  Before ROGERS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $12,000.  Defendant appealed.

*Errors assigned,* inter alia, were (2) refusal of defendant's motion for judgment n. o. v., quoting record, and (5) remark of trial judge, quoted in the opinion of the Supreme Court.

*Paul Reilly,* with him *Maurice W. Sloan,* for appellant.—Plaintiff was guilty of contributory negligence: Harris v. Ice Co., 153 Pa. 278; Baker v. Fehr, 97 Pa. 70; Schmidt v. McGill, 120 Pa. 405; Buccelli v. Shanahan, 266 Pa. 342; Stahl v. Sollenberger, 246 Pa. 525; Gray v. Traction Co., 198 Pa. 184; Tyson v. Traction Co., 199 Pa. 264; Flanagan v. Ry., 163 Pa. 102; Greer v. Tyson, 185 Pa. 356.

The cross-examination need not have been confined to matters in evidence to be proper: Byers v. R. R., 222 Pa. 547; Tiffany v. R. R., 262 Pa. 300; Gillman v. Ry., 224 Pa. 267.

*Francis M. McAdams,* with him *R. A. Dungan,* for appellee, cited as to negligence: Healy v. Shedaker, 264 Pa. 512; Vergilio v. Walker, 254 Pa. 241; Lorah v. Rinehart, 243 Pa. 231; Streitfeld v. Shoemaker, 185 Pa. 265; Kerbaugh v. Express Co., 58 Pa. Superior Ct. 550.

As to contributory negligence: Lewis v. Wood, 247 Pa. 545; Frankel v. Norris, 252 Pa. 14; Wagner v. Transit Co., 252 Pa. 354; Wertz v. Williamsport, 67 Pa. Superior Ct. 156; Healy v. Shedaker, 264 Pa. 512; Lamont v. Adams Express Co., 264 Pa. 17; Wilson v. Mitton, 257 Pa. 86; Bentel v. Public Ledger, 69 Pa. Superior Ct. 71; Thorne v. Transit Co., 237 Pa. 20.

OPINION BY MR. JUSTICE WALLING, March 14, 1921:

This suit grows out of a crossing accident. Master Street, Philadelphia, extends east and west from Broad Street, crossing it at right angles. In the center of the latter, and in line with the south walk of the former, is a raised mound called a "safety-zone"; between it and the east curb of Broad Street is a paved cartway, for northbound traffic, of the width of twenty-six feet. On April 30, 1919, plaintiff, a woman sixty years of age, walked west on the south side of Master Street until she reached the east curb on Broad Street, where she looked south and saw three automobiles approaching at a distance of over two hundred feet. Thinking she had ample time to reach the safety zone, she started rapidly forward, looking ahead and to the north; then again to the south, where she saw defendant's Packard car right upon her, and by which she was struck and seriously injured. The evidence was conflicting; that for plaintiff tended to show the car came to the crossing at a speed of twelve to fifteen miles an hour and not under proper control; while the evidence for defendant was that the car was not going more than four or five miles an hour, and was under perfect control, also that plaintiff was hurt by suddenly turning back after she had nearly reached the safety zone. The trial judge instructed the jury to find for defendant if they believed his version of the facts. The jury, however, found for the plaintiff and this appeal by defendant is from judgment entered thereon.

The verdict implies that the jury accepted the evidence favorable to plaintiff, and on appeal we cannot do otherwise. Hence, the question of the negligence of defendant's chauffeur was for the jury. In the language of the present Chief Justice MOSCHZISKER in Vergilio v. Walker, 254 Pa. 241, 245: "Vehicles have the right of way on the portion of the highway set aside for them, but at crossings all drivers, particularly of motor vehicles, must be highly vigilant and maintain such control that, on the shortest possible notice, they can stop their cars

so as to prevent danger to pedestrians"; see also Anderson v. Wood, 264 Pa. 98; McClung v. Penna. T. Cab Co., 252 Pa. 478. According to plaintiff's witness, Manning, the chauffeur could not control defendant's car and struck the woman while it was going from twelve to fifteen miles an hour; that evidence was for the jury, although strongly contradicted. The fact that the chauffeur did not see plaintiff until within eight feet, also tends to show lack of watchfulness on his part, for the day was bright and she was in plain sight from the time of leaving the curb.

How far the accident happened from the east curb is not definitely shown, but approximately twenty feet; whether plaintiff should have looked again to the south, while walking that distance, depended upon the surroundings, and was for the jury: Anderson v. Wood, supra; Lamont v. Adams Express Co., 264 Pa. 17; Healy v. Shedaker, 264 Pa. 512. A pedestrian must exercise continued vigilance while crossing a street (Lorah v. Rinehart, 243 Pa. 231); but just where he should look depends upon shifting conditions and is a question of fact rather than of law.

The evidence of Manning and also of plaintiff tended to show the car struck her before she had cleared its path; while other evidence was to the effect that she walked back in front of or against it; hence, that was also a question for the jury. The presumption is plaintiff used due care and the contrary is not shown as a matter of law. She was not bound to anticipate that defendant would be negligent: Wagner v. Phila. Rapid T. Co., 252 Pa. 354; Baker v. Fehr, 97 Pa. 70.

Defendant's attempted cross-examination of Dr. Chandler, a medical expert, as to the weight he would give the evidence of another doctor, who had treated plaintiff after the accident, was properly excluded. As counsel persisted in that line of cross-examination, the trial judge did not commit reversible error in characterizing it as irrelevant and highly improper. Moreover,

no request was made for the withdrawal of a juror because of that remark; hence, the objection thereto was waived: Boggs v. Jewell Tea Co., 266 Pa. 428, 434; Benson v. Electric Ry. Co., 228 Pa. 290.

The assignments of error are overruled and the judgment is affirmed.