## McKenzie *v.* Campbell, Appellant.

*Negligence—Automobiles—Pedestrian crossing street—Case for jury.*

In an action of trespass to recover damages for personal injuries, the evidence established that the plaintiff who was about to cross a city street by a diagonal course, had looked before crossing and had seen the lights of an approaching automobile 250 feet away. Before she reached the far side of the street, fifty feet wide,—having traveled forty-seven feet,—she was struck by defendant's car and injured.

Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

It cannot be broadly asserted that it is negligence to cross a street because an approaching automobile is in sight. The plaintiff could have properly thought that the defendant would approach at lawful speed; she was not required to anticipate unlawful conduct.

Argued October 16, 1924. Appeal, No. 97, Oct. T., 1924, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1922, No. 2712, on verdict for plaintiff in the case of Mary McKenzie v. George E. Campbell. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STERN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $600. Defendant appealed.

*Error assigned* was, among others, refusal of defendant's motion for judgment non obstante veredicto.

M. T. McManus, for appellant.

*Michael J. Geraghty,* for appellee.


OPINION BY LINN, J., November 17, 1924:

Appellant complains of the refusal of judgment n. o. v.  Considering only the evidence supporting plaintiff's verdict, and discarding the rest, as we are required to do, in passing on that assignment of error, (Bowser v. Citizens Light, etc., Co., 267 Pa. 483) we understand that plaintiff, about 8:30 p. m. in April, stopped on the north sidewalk of City Line, intending to cross that street eastward, by a diagonal course, to or toward the west side of 63d Street which near there leads into City Line without crossing it.  At the north curb she stopped and looked both ways and saw the lights on defendant's automobile in City Line 250 to 280 feet away on her right, with nothing between her and those lights.  She then started to cross City Line, by a slightly diagonal course, going, as she said, 47 feet across the street in about five seconds, or, as one of defendant's witnesses said, "very fast, half walking, half running." When within three feet of the south curb of City Line, she was struck by the front of defendant's car and injured.  She said she heard no warning.  Defendant testified that he did not see her until she was within two feet of his car, and that she ran into his left front fender. Negligence charged was the speed at which he approached; if he covered the 250 feet in five seconds, as the jury may have found, he was traveling in excess of 30 miles an hour, which the jury, no doubt, considered negligent.

Plaintiff appears to have hurried over the street after leaving the curb without again looking in the direction in which she had seen the lights on defendant's car, an omission which defendant says is contributory negligence.  In some circumstances a court may declare that failure to look while crossing a street prevents recovery, but in the circumstances disclosed here, the duty of finding the fact lay with the jury, and defendant found no

Opinion of the Court.    [84 Pa. Superior Ct.

fault with the instructions on that subject. "The trial court could not have granted defendant's request to the effect that if its truck was in plain sight when plaintiff started to cross the street he was guilty of contributory negligence and could not recover. That ignored the questions as to the speed of the truck, the distance it was away, the side of the street upon which it was approaching and other circumstances. It cannot be broadly asserted that it is negligence to cross a street because an approaching automobile is in plain sight": Lamont v. Adams Express Co., 264 Pa. 21. Plaintiff may quite properly have thought that defendant would approach at a much more moderate speed than the jury found he traveled, for she was not required to anticipate unlawful conduct: see also Anderson v. Wood, 264 Pa. 98, 100; Mackin v. Patterson, 270 Pa. 107, 110.

Judgment affirmed.