# Wack, Appellant, v. Philadelphia Rapid Transit Company.

*Negligence—Contributory negligence—Street intersection—Pedestrian—Reliance on traffic signal—Change of traffic after entry of pedestrian upon cartway—Street car—Duty toward pedestrian.*

In an action of trespass to recover damages for personal injuries the evidence disclosed that plaintiff was struck by defendant's trolley car while crossing a street intersection. The plaintiff, a pedestrian, attempted to cross the street at the side of the intersection square nearest approaching traffic which had been stopped by the police officer in charge. When she had about reached the center of the street, the traffic officer, not seeing her, gave the signal for traffic to proceed. Plaintiff saw defendant's car approaching when she arrived at the second rail of the defendant company, but relying upon the traffic officer's directions, she continued across the street. Shortly thereafter she was hit by the car and received the injuries complained of.

In such case the questions of defendant's negligence and plaintiff's contributory negligence were for the jury and it was error for the Court to enter judgment non obstante veredicto, in favor of the defendant.

The rules applicable to crossing trolley tracks where there is no policeman or semaphore signal cannot be applied to cases where an officer or semaphore signal is directing traffic. In the latter case, if obeying traffic directions, the pedestrian may rely on the way being clear and may undertake the crossing though street car or other vehicular traffic is approaching within a distance that might be dangerous were there no officers or semaphore signal controlling it.

An operator must maintain such control of his trolley car as not to run down a pedestrian crossing the street in full view even though a change of traffic is directed by an officer or semaphore.

Argued March 14, 1928. Appeal No. 88, October T., 1928, by plaintiff from judgment of M. C., Philadelphia County, December T., 1926, No. 1407, in the case of Katherine Wack v. Philadelphia Rapid Transit Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Trespass to recover damages for personal injuries. Before GLASS, P. J., LEWIS and KNOWLES, JJ.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $958. Subsequently the court, upon motion, entered judgment non obstante veredicto for the defendant. Plaintiff appealed.

*Error assigned* was the granting of defendant's motion for judgment non obstante veredicto.

*Charles G. Gartling,* for appellant.

*Joseph J. Tunney,* and with him *J. J. K. Caskie,* for appellee.

OPINION BY KELLER, J., April 16, 1928:

The plaintiff obtained a verdict against the defendant company in an action of trespass. The court below entered judgment for the defendant, non obstante veredicto, on the ground of plaintiff's contributory negligence. In this appeal all disputes as to the facts and the inferences reasonably to be drawn from them must be resolved in favor of the plaintiff.

Chestnut Street, Philadelphia, is a one-way street, vehicular traffic moving eastward. Defendant's street car line runs in the middle of the street with vehicles traveling the same direction on both sides of it.

A police officer was stationed at the intersection of Chestnut and Eighteenth Streets directing traffic. He stood near the southwest corner of the square formed by the intersecting streets. Plaintiff left a drug store at the northwest corner of the intersection and, while traffic, under the direction of the officer, had stopped on Chestnut Street and was moving on Eighteenth Street, started to cross Chestnut Street. As she walked she saw defendant's street car approaching on her right from Nineteenth Street but was not frightened because the traffic officer had stopped traffic from

that direction, and as long as the signal was set against it the trolley car could not come farther than the crossing on which she was walking. When she got to the south rail (the second or farther rail) of the trolley track, the car was almost upon her but relying on the officer's direction of traffic she walked ahead, and was hit by defendant's car and knocked against an automobile traveling eastward on the right of the trolley car, and was injured. The trolley car was moving very slowly for it stopped in about one foot after hitting her. It appears that when plaintiff had about reached the center of the street the traffic officer, not seeing her,—his back was to the west—changed the flow of traffic and gave the signal for that on Chestnut Street to move eastward. The court below held that plaintiff was guilty of contributory negligence because she kept on in her course after she saw the trolley car almost upon her.

It must be remembered that plaintiff was crossing the street at the side of the intersection square nearest approaching traffic, not on the far side. Had she been in the latter position and seen traffic coming so closely on her right she must have known that the signal had been changed. But where she was walking trolley cars and automobiles could be expected to come almost to the crossing without giving cause for alarm, if the traffic signal was against them. The rules applicable to crossing trolley tracks where there is no policeman or semaphore signal, as in the decisions cited and relied on by appellee, must not be applied to cases where an officer or semaphore signal is directing traffic. In the latter case, if obeying traffic directions, the pedestrian may rely on the way being clear and may undertake the crossing though street car or vehicular traffic is approaching within a distance that might be dangerous were there no officer or semaphore signal controlling it. The situation is not at all similar to safety gates maintained at a railroad crossing by the railroad

company. Here, the officers are agents of the municipal government placed there for the very purpose of controlling traffic.

It sometimes happens that while a pedestrian is so far in the street as to be committed to the crossing, a change of traffic is directed by the officer or semaphore. In such circumstances the duty of those operating the trolley and vehicular traffic thus started is clearly set forth by Mr. Justice KEPHART in Gilles v. Leas, 282 Pa. 318, a case very similar to this one in its facts, except that the pedestrian was hit by an automobile instead of a trolley car. Mr. Justice KEPHART said: "In the crowded condition of our public thoroughfares, traffic officers cannot always clear the intersecting ways before giving a signal for vehicular traffic to move on the street that is being crossed by pedestrians ...... If there is any superior right to use the highway under circumstances such as described in this case, it is with the pedestrian who is in the cartway. It is quite clear the traffic should not run him down when he is in full view. And when it does, even at a moderate or slow rate of speed, the driver lacks the control of his car necessary under the circumstances and is chargeable with negligence."

There was no such contradiction in the plaintiff's evidence as required binding instructions against her: Scalet v. Bell Telephone Co., 291 Pa. 451, 456. The traffic officer did not say that he saw plaintiff start across the street after the signal had been changed; he said he did not see her until just before she was struck. That was after the signal for Chestnut Street traffic had been given and the trolley car and automobiles on both sides of it were moving eastward. Had she then stood still or attempted to go back her condition might have been worse; for she would have been right in the path of the trolley, or of moving automobiles traveling eastward on the north side of the track.

In our opinion the questions of the defendant's negligence and the plaintiff's contributory negligence were for the jury and were fairly submitted in a charge to which defendant took no exception, except as to the refusal of binding instructions, and the verdict in favor of the plaintiff should not have been disturbed.

The judgment is reversed and is now entered for the plaintiff on the verdict.