### Newman et ux., Appellants, v. Protective Motor Service Co.

510

Argued November 29, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Robert M. Bernstein,* with him *Henry W. Braude,* for appellants.—Plaintiffs established cases of negligence against defendant which were free of contributory negligence, and the nonsuits were improper: Kuhns v. Traction Co., 290 Pa. 303; MacDonald v. Pittsburgh, 278 Pa. 485; Murphy v. P. R. T. Co., 285 Pa. 399, 406.

Plaintiffs were not guilty of contributory negligence: Gilles v. Leas, 282 Pa. 318; Zandras v. Moffett, 286 Pa. 477; Ellison v. Refrigerator Co., 77 Pa. Superior Ct. 477; Stubbs v. Edwards, 260 Pa. 75; Gillespie v. Shafer, 69 Pa. Superior Ct. 389; Wack v. Transit Co., 93 Pa. Superior Ct. 206; Johnson v. French, 291 Pa. 437; Clark v. Horowitz, 293 Pa. 441.

*Fletcher W. Stites,* for appellee.—There is a mutual obligation on the pedestrian and auto driver to exercise due care at street crossings: Deary v. Harris, 282 Pa. 171; Gilles v. Leas, 282 Pa. 318; Twinn v. Noble, 270 Pa. 500; Mackin v. Patterson, 270 Pa. 107; Arnold v. McKelvey, 253 Pa. 324; Alexander v. Express Co., 258

Pa. 378; Lewis v. Wood, 247 Pa. 545; Mehler v. Doyle, 271 Pa. 492.

A pedestrian must exercise continued vigilance while crossing a street: Mackin v. Patterson, 270 Pa. 110; Lorah v. Rinehart, 243 Pa. 231.

The fact that plaintiff is crossing the street at an intersection does not relieve him from the duty of watchfulness: Mackin v. Patterson, 270 Pa. 107; Gilles v. Leas, 282 Pa. 318.

OPINION BY MR. JUSTICE SCHAFFER, January 6, 1930:

Plaintiffs, husband and wife, appeal from the refusal of the court below to take off nonsuits in actions brought by them to recover damages for personal injuries which they received as a result of being struck by defendant's armored motor truck when they were crossing the intersection of Broad and Pine Streets in Philadelphia. Broad Street runs north and south, is 69 feet from curb to curb and 113 feet from house line to house line; Pine Street is 27 feet wide from curb to curb.

Appellants were proceeding north on the west foot pavement of Broad Street. When they reached Pine Street, the automatic traffic light was in their favor, showing green and indicating that it was safe for them to cross that highway, and showing red against traffic proceeding westwardly on Pine Street, which is a one way street for traffic west bound. They noticed that automobiles, in obedience to the traffic signal, had stopped on Pine Street east of Broad. Following the bidding of the traffic signal, appellants proceeded to cross Pine Street at the regular foot crossing and had reached a point slightly beyond the center of that street when they were struck by defendant's truck, which they had not seen and which, in disregard of the traffic signal, had passed several other motor vehicles that had stopped on Pine Street east of Broad in obedience to the signal, and had proceeded across Broad Street and into Pine. The truck was going at considerable speed, as it ran 120

feet west on Pine Street beyond the point of the accident before coming to a stop.

Under these circumstances, the trial judge entered a compulsory nonsuit on the ground that appellants by their own testimony disclosed that after stepping into the cartway of Pine Street they did not look again to the right, the direction from which the truck approached, the court in its opinion saying, "It is true that the signal light encouraged the plaintiffs to believe that it was safe to proceed, but it did not guarantee their safety, nor relieve them of the duty of caution. If the 'go' signal, whether given by a traffic officer or by a semaphore, may be accepted by a pedestrian as authority to go blindly across the intersection, it may be so accepted by the driver of a vehicle, and in either case the system, intended to promote safety, becomes a new source of danger." With this we are unable to agree. However the rule should be at intersecting streets where there are no traffic signals, at city crossings such as the one here involved, where there is crowded traffic, where the pedestrian must pay heed to the many others crossing the street at the same time as himself and, for his own protection, is apt to be on the lookout for motors which may turn around the corner into his path at any moment, in cases where the municipality maintains signals controlling traffic, the signal in the pedestrian's favor, inviting him to cross, warrants his so doing, and he is justified in relying upon the assumption that motor vehicles, warned by the traffic signal set against them, will not disregard it and run him down. The trial judge in holding that the "go" signal has the same effect so far as pedestrians are concerned as it has with motor vehicles, did not take into account that motor vehicles may injure pedestrians whereas pedestrians cannot injure motor vehicles. It is the contention of the appellee that although the traffic light was set in appellants' favor, they should have continued as they crossed Pine Street to look for traffic at their right. It is often im-

possible for this to be done at crowded intersections. They were not bound to anticipate that the defendant's driver would disregard the traffic signal: Alperdt v. Paige, 292 Pa. 1, 4; Robb v. Quaker City Cab Co., 283 Pa. 454, 458; Lewis v. Wood, 247 Pa. 545. Indeed they had the right to assume that the driver of defendant's truck would be regardful of his duties to others on the highway: Robinson v. American Ice Co., 292 Pa. 366, 370; Davis v. American Ice Co., 285 Pa. 177, 185. We have laid down the rule in a number of cases that at crossings the drivers of all motor vehicles must be highly vigilant and maintain such control that, on the shortest possible notice, they can stop their cars so as to prevent danger to pedestrians having the right to cross the streets at crossings and to rely on the drivers of automobiles not to run them down, and we have categorically said that, "Care at street crossings is the highest duty of motorists": Johnson v. French, 291 Pa. 437, 439; Gilles v. Leas, 282 Pa. 318, and cases therein cited. The case in hand is stronger for the plaintiff than it was in either the Gilles or Johnson cases. Here, the traffic light was in favor of the pedestrians while they were crossing Pine Street, and against the truck driver during all the time that he proceeded in their direction, from the moment he reached the house line on the east side of Broad Street more than 100 feet away from them. The language used in Gilles v. Leas, 282 Pa. 318, at page 322, is most appropriate here, "He [the pedestrian] had an undoubted right to leave his place on the sidewalk when nothing appeared before him, and the traffic signal was not turned against him. His position became perilous only through the unlawful act of defendant." In that case, the signal was changed while the plaintiff was crossing the street; in this, it remained in the plaintiffs' favor while they were making the crossing. In Zandras v. Moffett, 286 Pa. 477, we said (page 481), "All drivers, in congested areas with controls installed, must be on the lookout for warnings which they have

every reason to see displayed, when necessary, and to have their vehicles, whether light or heavy, under such management as will enable them to promptly obey signals given, which they are bound to discover, and must have seen, if due observation was made."

The order of the court below refusing to take off the nonsuit is set aside and a new trial granted.