Verbofsky *v.* Yellow Cab Company, Appellant.

Argued April 28, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*William W. Matson,* and with him *Dickie, Robinson & McCamey,* for appellant.

*Rebecca L. Davis,* and with her *Samuel T. Talenfield,* for appellee.

Per Curiam, July 14, 1932:

This is an action to recover for damages resulting from an automobile collision. On the afternoon of July 25, 1930 plaintiff was proceeding in his motor truck on Isabella Street in the line of traffic on the right hand side of the street, and at the intersection of Isabella Street and Arbuckle Alley, defendant's cab came out of the alley made a left turn, and hit

the left side of plaintiff's truck and caused the injuries complained of. The two vehicles approached the intersection, which was what is known as a ''T'' intersection, at approximately the same time, and the driver of the cab was obliged to concede the right of way to the vehicle on the right side of the street. Act May 1, 1929, P. L. 979, Section 1013. It was his duty to approach the crossing with care, and to have his car under such control as to be able to escape collision with a car which was proceeding in a proper manner in the line of traffic: Newman v. Protective Motor Service Co., 298 Pa. 509 and cases cited. There was no proper evidence that the cab driver was going at an unlawful speed, but irrespective of this it was his duty to be watchful and to concede the road to the car on the right hand side of the street: Weber v. Greenbaum, 270 Pa. 382. The cab driver did not intend to traverse the path on which the plaintiff was advancing, in the very nature of things he could not for the alley out of which he came did not extend beyond the street he was approaching. His evident purpose was to cross part of the street in order to get on the right side, and to get into the line of traffic. Whether he did so with the care reasonably required under the circumstances was for the jury. The court would have committed error to have entered a non-suit. He could not declare the defendant free of blame, nor could he decide that the plaintiff was guilty of contributory negligence. There was nothing in the case to warrant any such action.

The judgment of the lower court is affirmed. The appellant to pay the costs.