## Villiger v. Yellow Cab Co. of Pittsburgh, Appellant.

Argued October 11, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*J. Roy Dickie,* of *Dickie, Robinson & McCamey,* for appellant.—Plaintiff was contributorily negligent as a matter of law when she continued to walk directly into the path which she plainly saw was taken by the taxicab.

*J. Thomas Hoffman,* for appellee, was not heard.

OPINION BY MR. JUSTICE SCHAFFER, November 28, 1932:

While she was crossing Fifth Avenue at Craig Street in Pittsburgh, plaintiff was run down by one of defendant's taxicabs. For the injuries sustained she recovered damages in the court below. Defendant's negligence is admitted. The only point it makes on appeal is that plaintiff was contributorily at fault.

About six o'clock in the morning of November 18, 1928, plaintiff arrived at the corner of Fifth Avenue and Craig Street. She purposed crossing Fifth Avenue. She waited for the traffic lights for the crossing to turn green. While waiting she observed defendant's taxicab coming toward her on Fifth Avenue, about two squares away. It was the only vehicle in sight. When the signal light flashed green, she started across the avenue, keeping her eyes on the approaching cab. When she reached about the middle of the avenue, the taxicab was nearing the far crossing of Craig Street. The light was red against it. Instead of stopping, the driver dashed past the light, across the intersection of Craig Street, which is 36 feet wide between curbs, struck plaintiff when she was about three feet from the sidewalk of Fifth Avenue which she was approaching and injured her.

The argument of appellant is that plaintiff, because she saw the taxicab driver start across Craig Street in violation of the stop signal and continued to walk in the direction she was going, was guilty of contributory negligence, although the danger of continuing on in the path of the car was obvious to her. We are quite unable to so conclude.

Fifth Avenue is forty feet wide between curbs. When she was in the middle of the avenue, she estimated the cab was about seventy-five feet from her, coming fast, not far from Craig Street. She saw that the driver did not stop. What was she to do? It is easy after the event to say she should have turned back. She was in the middle of the street. Suddenly she saw the cab, instead of stopping, continue bearing down on her at a high rate of speed, in violation of the signal which she had the right to suppose it would obey. Under these circumstances, it could not be said as a matter of law that she was guilty of contributory negligence in not stopping or in not turning back. She may have reasoned (if under these exciting circumstances with a motor vehicle dashing toward her across a street against a red signal, she reasoned at all) that it would be best to continue on and give the lawless driver all the street room possible. If she did so conclude, it could not be said the fault in the collision was hers. We have laid down rules to protect pedestrians at street crossings. We intend to maintain these rules with all possible strictness. In Newman v. Protective Motor Service Co., 298 Pa. 509, 512, we said: "In cases where the municipality maintains signals controlling traffic, the signal in the pedestrian's favor, inviting him to cross, warrants his so doing, and he is justified in relying upon the assumption that motor vehicles, warned by the traffic signal set against them, will not disregard it and run him down."

The judgment is affirmed.