## Harrington, Appellant, v. Pugarelli.

Argued January 27, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Paul A. McGlone,* with him *Frank J. McDonnell,* for appellant.

*Raymond Bialkowski,* with him *Daniel Jenkins,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 23, 1942:

This is an action in trespass instituted by James Harrington, appellant, to recover damages for personal injuries sustained by him as the result of being struck by a truck driven by James Pugarelli, appellee, while crossing the right-angle intersection of Franklin Avenue and Spruce Street, in the City of Scranton. The jury found a verdict in favor of appellant in the sum of $2,800. Appellee filed a motion for judgment non obstante veredicto, which the court en banc granted, after argument, and judgment was, accordingly, entered for appellee. This appeal followed.

On December 27, 1939, at about 10 : 00 p. m., appellant approached the southwest corner of Spruce Street and Franklin Avenue, intending to cross Franklin Avenue to the southeast corner. Spruce Street runs east and west, is forty feet in width from curb to curb, and is intersected, at right-angles, by Franklin Avenue,

which runs north and south. Franklin Avenue is thirty-five to forty feet in width and has located in the center thereof a single set of street car tracks. Before entering the intersection, which was well lighted, appellant observed that the automatic traffic signal light was green in his favor and, on looking north, he saw the lights of appellee's truck, approaching along Franklin Avenue, at about the middle of the block to the north, 190 feet away, with nothing between those lights and himself. Believing he had ample time to complete the crossing in safety, appellant proceeded across the intersection, at the regular foot crossing from the southwest to the southeast corner, and had just stepped across the westerly rail of the street car track, in the center of Franklin Avenue, when he was struck by appellee's truck, which had proceeded across Spruce Street in disregard of the traffic light against it and in appellant's favor from the time he left the southwest curb until he was struck. Appellant attempted to avoid the accident by stepping backwards, but was too late to escape the right front part of the bumper of the truck which struck him, breaking his leg and otherwise injuring him. Appellant testified that at the time he first observed the truck, 190 feet away, it was "going at a pretty good clip" and that "it could be going forty miles an hour", but stated he "didn't think it was going to come right through." Appellee's testimony was to the effect that he approached the crossing at a speed of fifteen to twenty miles per hour, with the light in his favor, that instead of stepping into the street at the crossing appellant suddenly stepped out from between two parked cars standing along Franklin Avenue at a point south of the intersection, and that he stopped the truck almost instantly.

The trial judge instructed the jury to find for appellee if they believed his version of the facts and they did not choose to so find. Hence, the verdict implies that the jury accepted the evidence favorable to appellant and, on this appeal, we cannot do otherwise: *Mackin v.*

*Patterson,* 270 Pa. 107, 109; *Borits v. Tarapchak,* 338 Pa. 289, 290. Appellee concedes the sufficiency of the evidence, when the case is so viewed, to warrant a finding that he was clearly negligent. His contention, sustained by the court below, is that appellant, because he committed himself to the crossing at a time when the lights of the approaching truck were in plain sight and continued across the intersection without further watching its approach, was guilty of contributory negligence as a matter of law.

While a court may, in some circumstances, declare that a pedestrian crossing a street in front of an approaching vehicle is precluded from recovery, we do not think this was a case calling for such action. Even at recognized crossings, and notwithstanding that the traffic signal may be in his favor, a pedestrian may not, of course, heedlessly step into the path of a rapidly moving vehicle, and when a pedestrian seeks to recover for injuries sustained under such circumstances the court may, and should, find him guilty of contributory negligence as a matter of law. See *Schroeder v. Pittsburgh Rys. Co.,* 311 Pa. 398; *Dando v. Brobst,* 318 Pa. 325. One who, like the present appellant, looks for approaching machines as he is about to cross a street, at a regular crossing, and sees one, but believes he can cross in safety, is not, however, barred from a recovery merely because it turns out that he made an error in judgment in calculating the danger involved. See *O'Brien v. Bieling,* 267 Pa. 383; *Mackin v. Patterson,* supra; *Johnson v. French,* 291 Pa. 437; *Villiger v. Yellow Cab Co. of Pbg.,* 309 Pa. 213; *McKenzie v. Campbell,* 84 Pa. Superior Ct. 112; *Wack v. P. R. T. Co.,* 93 Pa. Superior Ct. 206. To hold otherwise would, as is pointed out in *Johnson v. French,* supra, p. 438, "be tantamount to saying that pedestrians cross the street at appointed crossings at their peril if automobiles are in view", and would, in practical effect, be an abrogation of their right to cross busy streets at all. In these situations, whether the

pedestrian should have looked again or was warranted in assuming that he could cross in safety depends upon shifting conditions, and presents, therefore, a question of fact rather than of law: *Mackin v. Patterson*, supra, 110; *McKenzie v. Campbell*, supra, 114. And especially is this so where, as here, the pedestrian was invited to cross by a favorable traffic signal: *Altsman v. Kelly*, 336 Pa. 481, 487. As was said in *Newman v. Protective M. S. Co.*, 298 Pa. 509, 512: "In cases where the municipality maintains signals controlling traffic, the signal in the pedestrian's favor, inviting him to cross, warrants his so doing, and he is justified in relying upon the assumption that motor vehicles, warned by the traffic signal set against them, will not disregard it and run him down". See also *Villiger v. Yellow Cab Co. of Pbg.*, supra, 215; *Taylor v. Phila. R. T. Co.*, 107 Pa. Superior Ct. 124, 127.

The decisions in *Schroeder v. Pittsburgh Rys. Co.*, 311 Pa. 398, and *Dando v. Brobst*, 318 Pa. 325, both referred to supra, are not here controlling. In the former, the pedestrian was injured when she stepped from a safety zone or street railway loading platform, in the middle of the street, directly in front of or into the side of a passing street car, which was proceeding with the traffic signal in its favor; in the latter case, the pedestrian's foot was run over, as she was making her second step from the curb and was no more than two or three feet from it, by the nearest wheel of a car which was already within the crossing when the light changed in her favor. These and other like cases are clearly distinguishable from a situation such as is now presented. Here appellee's truck was approaching at a distance of 190 feet away, with the traffic light against it, when appellant left the curb, and the accident did not occur until appellant had proceeded approximately twenty feet to the midpoint of the street. The present case is not, therefore, one where the pedestrian stepped directly into the path of an approaching vehicle by which he was immediately struck, but rather one where the pedestrian,

having observed the traffic conditions, might justifiably have expected that the approaching vehicle would obey the signal and that he could proceed in safety. Under appellant's proofs, appellee had ample opportunity to observe him and to so handle his truck as to avoid striking him. Whether appellant was warranted in proceeding without further observation, in reliance upon the assumption that he would do so was, under these circumstances, undoubtedly a matter for determination by the jury, after proper instructions by the court, which were given: *O'Brien v. Bieling, Mackin v. Patterson, Johnson v. French, Villiger v. Yellow Cab Co. of Pbg.,* all cited supra. The jury having determined the question in appellant's favor, as it clearly had the right to do, its verdict should not have been disturbed.

The judgment is reversed and judgment is here entered for appellant on the verdict.